United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 5, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-11403
Summary Calendar

_____

LILY M MOSS,

Plaintiff-Appellee,

versus

TEXAS DEPARTMENT OF CRIMINAL JUSTICE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Texas
(No. 5:04-CV-162)

_____

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

In this Title VII gender discrimination case, the employer appeals a jury verdict in favor of the employee. The employer argues that judgment as a matter of law should have been granted in its favor, that the district court erred by admitting an EEOC investigative determination, and that the evidence was insufficient to sustain the jury's award of mental

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under limited circumstances set forth in 5TH CIR. R. 47.5.4.

anguish damages. Finding no merit in these arguments, we affirm.

## I. FACTS AND PROCEEDINGS

Lily Moss, a guard in a Texas state prison, filed a Title VII suit against her employer, the Texas Department of Criminal Justice ("TDCJ"). She claimed that the prison warden, Bruce Zeller, discriminated against her because of her sex by demoting her and filling her vacant position with a male officer. At trial, TDCJ offered evidence that the demotion resulted not from gender discrimination but from Moss's violation of Rule 14B of TDCJ's General Rules of Conduct and Disciplinary Violations ("Rule 14B"), which prohibits the use of all racial "slurs or epithets." In particular, TDCJ produced evidence that Moss twice said "nigger" in a twenty-minute conversation with her immediate supervisor and with a co-worker, who afterward initiated the formal charges with TDCJ that precipitated Moss's demotion.[1]

While not denying that she twice uttered the offending term, Moss contends that the true reason for Zeller's chosen punishment of demotion, which Zeller admitted was a "fairly severe punishment," was gender discrimination. Moss's evidence included trial testimony in which Zeller justified his lesser punishment of a male officer who referred to a Hispanic person as a "wetback" by stating that the slur was not uttered in an "ongoing conversation." Moss argued to the jury that Zeller's testimony indicated that Zeller thought

---

[1]The conversation occurred just after September 11, 2001, and included discussions of cultural diversity training and racial tensions in the prison following the terrorist attacks. Uncontroverted testimony indicated that Moss used the offending term while recalling past events and did not direct the term at anyone in particular.

she was a "female who talked too much." Moss's evidence also demonstrated that she had no other disciplinary violations in the two years preceding the incident, that she had never before violated Rule 14B, and that she had entered into a dispute resolution agreement with the witness who initiated the charge against her. Moss introduced further evidence that, per TDCJ policy, these facts supported mitigation of her punishment. Moreover, Moss's evidence included testimony that TDCJ typically institutes "progressive discipline," whereby the first rules violation is punished less severely than subsequent violations, but that her Rule 14B violation resulted in a punishment at the high end of the discipline scale. Additionally, Moss offered evidence of one other supervising employee under Zeller's charge who was not disciplined (or even investigated) for an alleged violation of Rule 14B; that employee was a male officer who used the prison term "wood."[2]

Also during the trial, the district court admitted the EEOC's investigative determination, which concluded that there was reasonable cause to believe that Moss was demoted based on her sex. After Moss rested, TDCJ moved for, and the district court denied, judgment as a matter of law. The jury returned a verdict awarding Moss, *inter alia*, $15,314 for mental anguish. After denying TDCJ's renewed motion for judgment as a matter of law, the district court entered a final judgment that included this amount.

## II. STANDARD OF REVIEW

This court reviews an order denying judgment as a matter of law de novo, viewing

---

[2]Trial testimony indicated that "wood" is a loose acronym for "white offenders doing hard time." The parties dispute whether "wood" is used as a racial slur in prison settings.

the evidence in the light most favorable to the verdict. *Ins. Co. of N. Am. v. Aberdeen Ins. Servs., Inc.*, 253 F.3d 878, 883 (5th Cir. 2001). Judgment as a matter of law is appropriate only when "there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." FED. R. CIV. P. 50(a)(1). "There is no legally sufficient evidentiary basis when the facts and inferences point so strongly and overwhelmingly in favor of one party" that this court determines that a reasonable jury "could not arrive at a contrary verdict." *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 219 (5th Cir. 2001) (internal quotation omitted). "[T]here must be more than a mere scintilla of evidence in the record" to prevent judgment as a matter of law in favor of the defendant. *Id.* Ultimately, "[t]he jury's verdict is afforded great deference." *Bryant v. Compass Group USA Inc.*, 413 F.3d 471, 475 (5th Cir. 2005), *cert. denied*, 126 S. Ct. 1027 (2006).

This court reviews evidentiary determinations for abuse of discretion. *Thomas v. Tex. Dep't of Criminal Justice*, 220 F.3d 389, 394 (5th Cir. 2000). This court also reviews a jury's award of mental anguish damages to determine if sufficient evidence supports the award. *See Williams v. Trader Publ'g Co.*, 218 F.3d 481, 484 (5th Cir. 2000).

### III. DISCUSSION

On appeal, TDCJ argues that (1) the evidence was insufficient to support the jury's finding of gender discrimination; (2) the district court erred in its application of FED. R. EVID. 403 and the hearsay rules to the EEOC's investigative determination; and (3) the jury's mental anguish award is unsupported by the evidence.

### A. Judgment as a matter of law

TDCJ argues that a Title VII plaintiff maintains the ultimate burden of proving intentional discrimination and that Moss did not meet this burden. Moss counters that she met her burden by offering prima facie evidence of discrimination and further evidence of pretext, *i.e.*, evidence from which a reasonable jury could infer that Moss's violation of TDCJ Rule 14B was not the true reason for Zeller's decision to demote her.

In a Title VII dispute in which the plaintiff argues pretext, "[e]vidence demonstrating that the employer's explanation is false or unworthy of credence, taken together with the plaintiff's prima facie case, is likely to support an inference of discrimination even without further evidence of [the] defendant's true motive."[3] *Laxton v. Gap, Inc.*, 333 F.3d 572, 578 (5th Cir. 2003) (citing *Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 897 (5th Cir. 2002)). "No further evidence of discriminatory animus is required because 'once the employer's justification has been eliminated, discrimination may well be the most likely alternative explanation . . . .'" *Id.* (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 147–48 (2000)). In certain "rare" situations, evidence demonstrating pretext, together with a prima facie case, is insufficient to establish discrimination. *Id.* at 578–79. These situations include: "(1) when the record conclusively reveals some other, nondiscriminatory reason for the employer's decision, or (2) when the plaintiff creates only a weak issue of fact as to whether the employer's reason was untrue,

---

[3]Although this case falls under the *McDonnell Douglass* framework, after the case goes to the jury, this court focuses not on the *McDonnell Douglass* framework but on whether sufficient evidence exists to support the jury's findings. *See Bryant*, 413 F.3d at 475–76.

and there was abundant and uncontroverted evidence that no discrimination occurred."

*Id.* (citing *Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 223 (5th Cir. 2000)).

Together with her prima facie case, Moss introduced evidence from which a reasonable jury could conclude that Zeller's true reason for the demotion was not the violation of Rule 14B but rather unlawful gender discrimination. Along with Moss's other evidence, the jury could have inferred pretext from the severity of Moss's punishment compared with the lack of punishment of the supervising officer who was reported to Zeller to have violated Rule 14B by using the racial slur "wood."[4] The jury also could have inferred that Zeller's true reason for the demotion was gender discrimination based upon Zeller's testimony that he treated the male officer who referred to a Hispanic person as a "wetback" more favorably than Moss merely because Moss's violation occurred in an "ongoing conversation." In sum, Moss's evidence is sufficient to support the jury's findings when the evidence is viewed favorably toward the verdict.[5] *See Laxton*, 333 F.3d at 578–86

---

[4]At trial, the parties presented conflicting evidence as to whether "wood" was or was not a racial slur. Moss testified that "wood" was a racial slur, while Zeller testified that it was merely prison slang. The testimony of Moss's supervisor supports both interpretations. Viewed favorably toward the verdict, the evidence indicated that the term "wood" is a racial slur for white people used in prison settings.

[5]TDCJ also contends that since TDCJ regional managers approved Zeller's decision without evidencing discriminatory motive, Moss's demotion was not motivated by gender discrimination. However, the record makes clear that Zeller made the demotion decision and that, under TDCJ's disciplinary rules, Zeller was the "Reprimanding Authority" vested with responsibility by TDCJ to "discipline employees in accordance with [TDCJ procedures]." Zeller's action and authority together are sufficient to support liability under Title VII. *See Russell*, 235 F.3d at 226.

(analyzing evidence from which a reasonable jury could find pretext). *See also West v. Nabors Drilling USA, Inc.*, 330 F.3d 379, 387–90 (5th Cir. 2003) (discussing evidence from which a reasonable jury could find that the proffered reason for the adverse employment action was false); *Russell*, 235 F.3d at 224–25 (same).

Moreover, the record does not present one of the rare instances in which evidence of pretext is insufficient to establish discrimination. The evidence does not conclusively reveal another nondiscriminatory reason for the "fairly severe punishment" of demotion, and Moss has created more than a weak issue of fact. *See Laxton*, 333 F.3d at 585–86. *See also Russell*, 235 F.3d at 223 n.4 (noting the *Reeves* mandate "not to substitute our judgment for that of the jury").

## B. EEOC investigative determination

An EEOC investigative determination of reasonable cause to believe that an individual was demoted based on her sex is "removed from the rule against hearsay unless circumstances indicate untrustworthiness." *Cortes v. Maxus Exploration Co.*, 977 F.2d 195, 201 (5th Cir. 1992). TDCJ, however, has put forth no evidence suggesting the determination is untrustworthy. Moreover, while such determinations are subject to FED. R. EVID. 403, *see Cortes*, 977 F.2d at 201, TDCJ likewise has offered no argument suggesting how the district court abused its discretion in admitting the evidence under that rule. Accordingly, we hold that the district court did not abuse its discretion in admitting the determination into evidence.

## C. Mental anguish jury award

This circuit has upheld mental anguish awards when the plaintiff's own testimony as to the extent and nature of the damages is the only evidence on the subject. *See Williams*, 218 F.3d at 486 (holding that plaintiff's testimony was sufficient to support the jury's verdict where plaintiff testified regarding her lack of sleep, weight loss, and new smoking habit); *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998) (holding that plaintiff's testimony that she experienced loss of sleep, anxiety, and marital problems was sufficient to support the district court's mental anguish award). TDCJ contends that evidence of Moss's mental anguish was not sufficiently specific. However, Moss testified—and another witness corroborated—that Moss suffered depression, ostracization by her peers, and public humiliation as a result of her demotion. Under *Williams* and *Migis*, this evidence is sufficient to support the jury's award.

## IV. CONCLUSION

The judgment of the district court is AFFIRMED.

8